UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRENCE BLAIR,                )
                               )
            Petitioner,        )
                               )
      v.                       )    CAUSE NO. 3:12-CV-498 RM
                               )
SUPERINTENDENT,                )
Indiana State Prison,          )
                               )
            Respondent.        )

OPINION AND ORDER

Terrence Blair, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. On May 10, 2012, Investigator C. McKinney wrote a conduct report charging Mr. Blair with assault on staff. On May 31, 2012, a disciplinary hearing officer found Mr. Blair guilty of the charge against him and imposed a loss of 365 days of earned credit time, a demotion from credit time earning classification I to credit time earning classification III, and 365 days in disciplinary segregation. Mr. Blair appealed unsuccessfully to the Superintendent and the final reviewing authority. The Superintendent has filed a response to the order to show cause and the administrative record; Mr. Blair has not filed a traverse.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present

documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

In ground one of his petition for a writ of habeas corpus, Mr. Blair asserts that "the Disciplinary Hearing Officer states in the 'Evidence Relied On' section that 'Physical Evidence,' specifically Video/Review/case file Review was the rationale/reason for reaching a Guilty decision. [But] there was NO Video for the hearing officer to rely on . . . ." (DE 1 at 3). In ground two of his petition, Mr. Blair asserts that the final reviewing authority erred in not setting aside the finding of guilt because "based on the Review of the Audio/Video/Investigation evidence to show there wasn't anything to review was enough to substantiate petitioner['s] claim that the evidence the hearing officer states she relied on to find petitioner guilty wasn't reviewable and she wasn't 'impartial' . . . . " (DE 1 at 4). Both of Mr. Blair's grounds are based upon his claim that the video summary states that there was no security videotape of the incident.

The administrative record of the disciplinary action that forms the basis for this habeas petition establishes that at screening, Mr. Blair stated that he wished to request a "video review" as physical evidence (DE 8-2). This means that Mr. Blair wanted the hearing officer to review the security videotape of the incident. On May 29, 2012, Hearing Officer Jessica Linscott prepared a Review of Audio/Video/Investigative Evidence Form, which states as follows:

> Upon review of case file #12-WCC-0066 there is no video or video review of this incident.
> Report of conduct is a summary of the investigation for case file # 12-WCC-0066.

DE 8-4. This means that the hearing officer concluded that no security videotape had captured the incident upon which the charges against Mr. Blair were based.

In the Report of Disciplinary Hearing form, under the heading "the following evidence was relied on to reach the decision in this hearing" the hearing officer checked the following boxes: "staff reports," "statement of the offender," and "Physical Evidence (specifically) Video review/case file review" (DE 8-6). The Report of Disciplinary Hearing form used by the Indiana Department of Correction is confusing because the heading "the following evidence was relied on to reach the decision in this hearing" suggests that the evidence listed under that heading was relied on to find the Petitioner guilty. But hearing officers treat this section as a place to record the evidence they reviewed. The Report of Disciplinary Hearing Form also contains a section entitled "Reason for decision," which hearing officers use to state the actual reasons they chose to find the prisoner guilty. In Mr. Blair's case, the hearing officer wrote in this portion of the form "C/R (Conduct Report) supports a Class A 117 guilty decision" (DE 8-6).

The Report of Disciplinary Hearing form establishes that the hearing officer didn't rely on a video to find Mr. Blair guilty. Indeed, the record establishes that there was no security videotape of the incident. Rather, the hearing officer relied on the conduct report, which states as follows:

> On March 27, 2012[,] Sgt. F. Magana was assisting Officer L. McDonald with offender Terrence Blair #920843 who was being disorderly and non-compliant with Ofc. McDonald's instructions. Blair was instructed to

3

> cuff up multiple times and refused to comply. Sgt. Magana placed his hand on Blair's bicep to place him into an escort position and Blair pulled away and began swinging his closed fists at the [o]fficers. Sgt. Magana and Ofc. McDonald took Blair to the ground to gain control and secure Blair. At this, Sgt. Magana received an approx. 3" laceration to his head. It is unknown whether Magana was struck with an elbow or fist, but Sgt. Magana stated that Blair was the only offender involved in the incident and he knew that he did not strike his head on an object, the injury was received from Blair.
>
> Blair violated ADP A 117 Assault on Staff by knowingly and intentionally committing battery on Sgt. Magana resulting in bodily injury.
>
> Refer to Internal Affairs confidential case file# 12-WCC-0066 for further information.

DE 8-1.

Due process requires that an inmate subject to disciplinary action be provided with "a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary actions." *Wolff v. McDonnell*, 418 U.S. at 564-565. The written statement requirement "is not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." Scruggs v. Jordan, 485 F.3d 934, 940 (7th Cir. 2007). " The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 455-6. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See* McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

The hearing officer relied on the conduct report rather than a security videotape to find Mr. Blair guilty of assault on a correctional officer on May 31, 2012. In the conduct report, the victim of Blair's attack, Sergeant Magana, identified Mr. Blair as the inmate who injured him. The hearing officer's statement of the reasons she found Mr. Blair guilty is an is an adequate statement of the evidence relied on, and the conduct report provides some evidence of guilt.

For the foregoing reasons, the court the court DENIES this petition for writ of habeas corpus.

SO ORDERED.

DATED: March  5 , 2012

                                           /s/ Robert L. Miller, Jr.
                                          Judge
                                          United States District Court